FIRST NATIONAL BANK OF CHICAGO & others *vs.* JOHN M. GRAHAM.

Suffolk.  March 23, 1899. — January 5, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Petition to compel the giving of Testimony — Statute — Practice.*

The Superior Court has no jurisdiction of a petition, brought by the parties and not by the magistrate, to compel the giving of testimony under Sts. 1883, c. 195, and 1898, c. 374.

PETITION, by creditors of the Northrup-Braslan-Goodwin Company, an insolvent corporation, organized under the laws of the State of Illinois, and having its usual place of business in the city of Chicago, in said State, praying to have the respondent adjudged in contempt for refusing to answer interrogatories and to produce certain documents.  The petitioners had duly proved their respective claims under a voluntary assignment of the corporation for the benefit of creditors, pending in the County Court of Cook County in the State of Illinois.  The petitioners had filed a petition in said court seeking to set aside and vacate a judgment and execution and levy thereon secured by the International Trust Company, of Boston, on the ground that the judgment note, the judgment thereon, and the execution and levy were obtained by collusion between the respective attorneys and officers of the Northrup-Braslan-Goodwin Company and the International Trust Company, and that they constituted a fraudulent preference by the laws of Illinois.

At the request of the petitioners a commission for taking the testimony of the respondent, president of the International Trust Company, was duly issued from the County Court of Cook County to Mr. George C. Taber, a notary public of Boston, requiring the respondent to appear and answer certain interrogatories.  The respondent duly appeared with counsel, but declined to answer all of the interrogatories propounded to him or to produce the documents called for.

Upon hearing in the Superior Court, before *Hopkins*, J., a

decree was entered ordering the respondent to answer the interrogatories which he had refused to answer, and also to produce the documents called for, but without prejudice to the right of objection to the admission of the answers at the trial of the case pending before the County Court of Cook County, Illinois. The respondent alleged exceptions.

The case was argued at the bar in March, 1899, and afterwards was submitted on briefs to all the justices.

*R. M. Morse*, (*J. Duff* with him,) for the respondent.

*S. L. Whipple & H. W. Ogden*, for the petitioners.

LATHROP, J.   We see no ground for holding that the Superior Court had jurisdiction of the petition which has been brought by exceptions to this court.   The Pub. Sts. c. 169, have no application.   Whether a commissioner appointed by another State to take a deposition of a witness in this Commonwealth can be considered a " tribunal " within the meaning of that word in the St. of 1883, c. 195, entitled " An Act to enforce the attendance of witnesses before special tribunals," it is unnecessary to consider, for if he be such a tribunal, the application must be made by the tribunal to a justice of the court, and not by the petitioners.   So, under the St. of 1898, c. 374, entitled " An Act relative to the giving of testimony by witnesses before special tribunals," the application must be made by the " magistrate or tribunal."

The matter having been thus provided for by statute, we are of opinion that the remedy given is exclusive in a case of this kind, where it is sought to take a deposition here under a commission issued by a court in another State.   The commissioner in such a case is an officer of the court issuing the commission, and if he neglects to perform his duty, the remedy is for the court where the action is pending to appoint another commissioner.

The petitioners contend that the petition may be treated as a bill for discovery; but the entire framework of the bill shows that it is not a bill for discovery, but an application to compel a witness not a party to the proceeding in Illinois to answer interrogatories under a commission issued in that proceeding by a court in Illinois.

The result is that the decree of the Superior Court must be reversed and the petition dismissed.                *So ordered.*