THOMAS W. LAWSON *vs.* CLARENCE W. ROWLEY.

Suffolk.    January 14, 1904. — February 26, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Deposition.   Justice of the Peace.   Contempt.   Prohibition.*

In this case it was assumed, without deciding it, that under R. L. c. 175, § 26, a deposition may be taken when, in the language of *Shaw*, C. J., 14 Gray, 131, the party taking it "fears, apprehends, believes that the witness is going to be absent [from the Commonwealth], and this appears to the magistrate to be reasonable."

A justice of the peace, taking a deposition, has no power to punish a deponent refusing to answer a proper question by commitment to jail for contempt. The remedy in such a case is given by R. L. c. 175, § 11.

PETITION, filed October 20, and amended October 28, 1903, for a writ of prohibition, addressed to the defendant as a justice of the peace, prohibiting and enjoining him from proceeding further with the taking of the deposition of the petitioner in an action pending in the Superior Court between one Torrey E. Wardner and one Albert C. Burrage, from requiring the plaintiff to answer the questions propounded to him by the attorney for the plaintiff in that action, and from committing or punishing the petitioner for contempt on account of his refusal to answer certain questions.

The case came on to be heard before *Braley*, J., who at the request of the parties reserved it, upon the petition as amended and the answer, for determination by the full court. If the respondent, as a matter of law, had no power to commit the petitioner for contempt in accordance with his order as set forth in the petition, or for any limited period of time, the writ of prohibition was to issue; if, as a matter of law, the respondent had power to commit the petitioner for contempt in accordance with his order as set forth in the petition, or for any limited period of time, the petition was to be dismissed.

*W. I. Badger & W. H. Hitchcock*, for the petitioner.

*G. P. Wardner*, for the respondent.

KNOWLTON, C. J.   The respondent, as a justice of the peace, was applied to under the R. L. c. 175, § 26, to take the deposi-

tion of the petitioner in a pending case, on the ground that the witness was about "to go out of the Commonwealth and not to return in time for the trial." The petitioner refused to answer certain questions propounded to him, and this petition is brought to obtain a writ of prohibition to prevent the magistrate from issuing a process of commitment to jail for contempt in refusing to answer.

If, following the opinion of Chief Justice Shaw in *Livesey* v. *Bennett,* 14 Gray, 130, we assume without deciding that under this statute all that is necessary legally to justify the taking of a deposition is that the party taking it "fears, apprehends, believes that the witness is going to be absent, and this appears to the magistrate to be reasonable," and if we assume that the magistrate would have found for the plaintiff in the original action upon this point, we come to the question whether a justice of the peace, taking a deposition, may punish a witness by commitment to jail for contempt if he refuses to answer a proper question. The power of justices of the peace has been greatly diminished by the legislation of the last fifty years. By the St. 1858, c. 138, they were deprived of their jurisdiction to try criminal cases. See also St. 1859, c. 193 ; Gen. Sts. c. 120, § 36. The St. 1877, c. 211, provided that they should no longer have "any power, authority or jurisdiction to try civil cases, or receive complaints or issue warrants." See R. L. c. 161, § 5. But justices of the peace are still conservators of the peace, (R. L. c. 166, § 2,) and they still have power to take depositions, (R. L. c. 175, § 27,) and under § 40 of this chapter, "A person may be summoned and compelled to give his deposition at a place within twenty miles of his place of abode, in like manner and under the same penalties as are provided for a witness before a court," in addition to the liability in an action of tort for damages created by § 4 of this chapter, when a person summoned as a witness at a trial in court fails to attend without a sufficient excuse. Section 5 provides that such failure "shall also be a contempt of the court, and may be punished by a fine of not more than twenty dollars." This provision, under the section referred to above, gives a justice of the peace power to punish by fine, as for a contempt, the failure of a witness to attend on being summoned to give his deposition. There is no express

provision that authorizes him to punish for a contempt in any other way.

The Gen. Sts. c. 120, § 50, following Rev. Sts. c. 85, § 33, gives justices of the peace power to punish either by fine not exceeding $10, or by imprisonment not exceeding fifteen days, "such disorderly conduct as interrupts any judicial proceeding before them, or is a contempt of their authority or person." Probably wilful disobedience of an order to answer a question would be such disorderly conduct, and would justify imprisonment for contempt committed in the trial of a case; but this provision now applies only to trial justices. Pub. Sts. c. 155, § 68. It has never been decided that it was applicable to a proceeding for taking a deposition, and if it could have been held so applicable when justices of the peace had large judicial authority, we are of opinion that it ought not so to be held since the repeal of the original provision and its re-enactment in a form which applies only to trial justices.

The St. 1826, c. 86, § 4, which gave justices of the peace express authority to commit witnesses to jail for a contempt if they unreasonably refused to answer interrogatories in giving a deposition, was repealed by the Revised Statutes of 1836, and was not re-enacted in the revision.

The R. L. c. 175, § 11, is very broad and general, and we are of opinion that it was intended to apply to cases like the present. It is as follows: "A justice of the supreme judicial court or of the superior court, upon the application of a magistrate or tribunal which is authorized to summon and compel the attendance of witnesses may, in his discretion, compel the giving of testimony by them before such magistrate or tribunal, in the same manner and to the same extent as before said courts." In terms it includes magistrates as well as tribunals, and there is no good reason why it should not apply to a justice of the peace acting as a magistrate in taking the deposition of a witness whom he has summoned and whose attendance he has compelled. Under this statute the judge can act only upon the application of the magistrate or tribunal, *First National Bank of Chicago* v. *Graham,* 175 Mass. 179, and then he may exercise his discretion according to the justice of the case. In this way a witness who might be justified in refusing to answer irrelevant questions calling for an

injurious disclosure of the secrets of his. business or his family would be likely to be protected by the judge, while a magistrate, taking a deposition, if he had the power to commit for contempt, might think it his duty to compel answers to all questions of doubtful competency. We think our existing laws should be so construed as to leave justices of the peace taking depositions with no power to commit a witness for contempt for his refusal to answer the questions put to him.

*Writ to issue.*